BLANCHE, Justice,
dissenting.
I respectfully dissent.
Counsel moved for a sanity hearing on the morning of trial, mainly because the alibi witnesses furnished by defendant would not substantiate defendant’s alibi, or more probably, because his client did not understand the difference between available pleas and their consequences. (Probably the difference centered around his pleading guilty with the possibility of getting some break on sentence, vis-a-vis putting the court through a trial which was bound to end in proving his guilt.)
I sympathize with the trial judge. The veniremen were all present and ready for trial; the trial had been set weeks in advance; and for the first time, on the morning of trial, the court heard from counsel that his client was unable to assist in his defense. ■
Defense counsel made nothing but con-clusory allegations, giving no specifics to the court on which to justify holding a *1026 hearing on the issue of defendant’s mental capacity to proceed and to assist counsel.
It seems to this writer that with proper consultation and communication between defense counsel and his client the question of the defendant’s mental capacity to stand trial should have become obvious long before the very morning of trial.
The defendant bears the burden of establishing by a preponderance of the evidence reasonable grounds for the judge to believe that he was mentally defective, and where the matter is presented by bare allegations without supporting evidence, the exercise of discretion conferred on the trial judge will not be disturbed. State v. Vincent, 338 So.2d 1376 (La.1976).